In The

# United States Court Of Appeals
## For The Fourth Circuit

**MELODIE SHULER,**
*Plaintiff – Appellant,*

v.

**ORANGEBURG COUNTY SHERIFF'S DEPARTMENT; SHERIFF LEROY RAVENELL,**
In his individual and official capacity; **CAPTAIN ANTONIA TURKVANT,** In her individual and official capacity;
**CHIEF KENNETH KINSEY,** In his individual and official capacity; **CAPTAIN LACREA JENKINS,**
In his individual and official capacity; **LIEUTENANT COYLER,** In his individual and official capacity;
**SERGEANT ALLEN HUNTER,** In his individual and official capacity;
**FRANKLIN ASHLEY WILLIAMS,** in his individual and official capacity as a deputy sheriff of
Orangeburg Sheriff's Office; **MICHAEL LAWRENCE,** in his individual and official capacity as a deputy sheriff of
Orangeburg Sheriff's Office; **JOHN STUKE,** in his individual and official capacity as a deputy sheriff of
Orangeburg Sheriff's Office; **DEREK HOWELL,** in his individual and official capacity as a deputy sheriff of
Orangeburg Sheriff's Office; **ANDRE BRISBON,** in his individual and official capacity as a deputy sheriff of
Orangeburg Sheriff's Office; **CHRIS POWELL,** in his individual and official capacity as a deputy sheriff of
Orangeburg Sheriff's Office,
*Defendants – Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT ORANGEBURG

___

**BRIEF OF APPELLANT**

___

**David M. Parker**
**HUNTON ANDREWS**
  **KURTH, LLP**
**951 East Byrd Street**
**Riverfront Plaza, East Tower**
**Richmond, VA  23219**
**(804) 788-8200**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA  23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ............................................................................................1

STATEMENT OF JURISDICTION..................................................................2

STATEMENT OF THE ISSUES........................................................................3

STATEMENT OF THE CASE............................................................................3

SUMMARY OF ARGUMENT ..........................................................................6

ARGUMENT ......................................................................................................7

    I.    Standard of review.............................................................................7

    II.    Ms. Shuler did not "receive notice" under Rule 4(a)(6)(A)..................8

    III.    The remaining requirements of Rule 4(a)(6)(B) and (C) were also satisfied, and the District Court properly exercised its discretion .......................................................................................11

        A.    The remaining requirements of Rule 4(a)(6)(B) and (C) were also satisfied ................................................................12

        B.    The District Court properly exercised its discretion..................12

CONCLUSION ..................................................................................................15

CERTIFICATE OF COMPLIANCE..................................................................16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Herman v. Lackey*,
   309 F. App'x 778 (4th Cir. 2009) ............................................................. 7-8

*In re WorldCom, Inc.*,
   708 F.3d 327 (2d Cir. 2013) ................................................................ *passim*

*Khor Chin Lim v. Courtcall Inc.*,
   683 F.3d 378 (7th Cir. 2012) ............................................................. 9, 10, 11

*Nunley v. City of Los Angeles*,
   52 F.3d 792 (9th Cir. 1995) ........................................................................ 9

*Thorn v. Jefferson-Pilot Life Ins. Co*,
   445 F.3d 311 (4th Cir. 2006) ....................................................................... 8

*United States v. Cowley*,
   814 F.3d 691 (4th Cir. 2016) ..................................................................... 13

*United States v. Faulls*,
   821 F.3d 502 (4th Cir. 2016) ..................................................................... 13

*United States v. Graham*,
   711 F.3d 445 (4th Cir. 2013) ..................................................................... 13

**Statutes:**

28 U.S.C. § 1291 ................................................................................................ 2

28 U.S.C. § 1331 ................................................................................................ 2

28 U.S.C. § 1367 ................................................................................................ 2

**Rules:**

Fed. R. App. P. 4 ........................................................................................ 8, 12

Fed. R. App. P. 4(a)(1) ...................................................................................... 3

Fed. R. App. P. 4(a)(6)......................................................................................*passim*

Fed. R. App. P. 4(a)(6)(A)..................................................................................*passim*

Fed. R. App. P. 4(a)(6)(B)...................................................................................*passim*

Fed. R. App. P. 4(a)(6)(C)...................................................................................*passim*

Fed. R. Civ. P. 5(b) ....................................................................................................4, 9

Fed. R. Civ. P. 5(b)(2)(C) ..............................................................................................9

Fed. R. Civ. P. 77(d) ...........................................................................................*passim*

Fed. R. Civ. P. 77(d)(1).................................................................................................4

**Other Authorities:**

16A Charles Alan Wright & Arthur R. Miller,
 *Federal Practice and Procedure* § 3950.6 (5th ed. 2021) ............................... 6-7

**INTRODUCTION**

Plaintiff Melodie Shuler, *pro se* in the District Court, discovered the judgment dismissing her claims with only a few days remaining to file her notice of appeal. Ms. Shuler did not learn of this judgment from the clerk's office, which had mailed it to an outdated address. Instead, she discovered it herself on the internet.

Despite various hurdles and hardships, Ms. Shuler mailed her notice of appeal (and a change of address form) with one day to spare. But given transit and processing time, her notice was not entered on the docket for several days, rendering it untimely. In light of these circumstances, Ms. Shuler moved to reopen the notice-of-appeal period under Rule 4(a)(6), and the District Court obliged.

On appeal, this Court appointed the undersigned counsel and ordered briefing on the following issue:

> Whether appellant received notice of the entry of the judgment under Fed. R. Civ. P. 77(d) more than 21 days after entry such that the district court had the authority to reopen the appeal period under Fed. R. App. P. 4(a)(6).

Dkt. 22 at 2.

Ms. Shuler did not receive such notice. *First,* her discovery on the internet occurred more than 21 days after judgment was entered and, in any event, did not constitute "notice . . . under [Civil] Rule 77(d)." Fed. R. App. P. 4(a)(6)(A). And *second*, while the clerk's mailing to Ms. Shuler's prior address effected *service*

1

under Civil Rule 77(d), Ms. Shuler did not actually "receive" this notice for purposes of Rule 4(a)(6)(A). Accordingly, Rule 4(a)(6)'s first requirement (Rule 4(a)(6)(A)) was satisfied here.

Given the importance of ensuring this Court's jurisdiction, this brief goes beyond the issue specifically identified by the Court to confirm that no other aspect of Rule 4(a)(6) precluded reopening either. The two remaining requirements of Rule 4(a)(6)—Rule 4(a)(6)(B) and (C)—were also satisfied, and the District Court acted well within its broad discretion in allowing reopening.

Accordingly, this Court should exercise jurisdiction over Ms. Shuler's appeal.

## STATEMENT OF JURISDICTION

The District Court had subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. This Court has jurisdiction under 28 U.S.C. § 1291, as this is an appeal from a final order. Although Ms. Shuler's original notice of appeal was untimely, the District Court properly reopened the appeal period under Rule 4(a)(6) on March 11, 2021, for a period of 14 days, Joint Appendix ("JA") at 164–65, allowing Ms. Shuler to timely file her amended notice of appeal on March 22, 2021, JA-166.

## STATEMENT OF THE ISSUES

1. Did Ms. Shuler "receive notice under [Civil Rule] 77(d) of the entry of the judgment . . . within 21 days after entry" under Rule 4(a)(6)(A)?

2. Were the other two requirements of Rule 4(a)(6)—Rule 4(a)(6)(B) and (C)—satisfied here, such that the District Court had authority to reopen the notice-of-appeal period?

3. Did the District Court abuse its discretion by reopening the notice-of-appeal period?

## STATEMENT OF THE CASE

Plaintiff Melodie Shuler filed this action *pro se*[1] on January 11, 2019, alleging multiple violations of her constitutional rights. JA-21–68. On the same date, she moved for leave to proceed *in forma pauperis*. JA-6 (describing ECF 3).

Following motions practice, the District Court issued two orders on April 22, 2020 disposing of Ms. Shuler's claims. JA-123–128; JA-128–131. The court entered judgment against Ms. Shuler the same day, JA-132–33, triggering a deadline of May 22, 2020 for Ms. Shuler's notice of appeal, *see* Fed. R. App. P. 4(a)(1) (notice of appeal due 30 days after judgment).

---

[1] Although previously an attorney, Ms. Shuler was no longer licensed when she filed this case. *See* Dkt. 11-1 at 8.

Ms. Shuler did not receive notice of this judgment from the clerk's office or any other party. She did not receive electronic notice from the clerk's office, as she was not registered on the court's CM/ECF system. And she did not receive notice from the clerk's office by mail either: On April 23, 2020, the clerk's office mailed the judgment to the address on file for Ms. Shuler in Glenn Allen, Virginia, JA-11 (describing ECF 92), but that mailing was returned as undeliverable, *id.* (describing ECF 94), JA 137–38 (ECF 94).[2] Lastly, Ms. Shuler did not receive notice from any other party, as none of them elected to serve such notice as permitted under Civil Rule 77. Fed. R. Civ. P. 77(d)(1) ("A party also may serve notice of the entry [of an order or judgment] as provided in [Civil] Rule 5(b).").

Instead, on or about May 18, 2020, Ms. Shuler discovered the judgment herself on the internet. JA-156. And on May 21—one day before the deadline to file her notice of appeal—Ms. Shuler mailed her notice of appeal along with a name and address update form. JA-140–45. But due presumably to transit and processing time, the notice was not entered on the docket until May 26, JA-140, rendering it untimely.

---

[2] The docket also states that this same mailing was returned as undeliverable on May 4, 2020, JA-11 (describing ECF 93), which appears to be an error. The envelope filed under ECF 93 could not have contained the judgment, as it was mailed weeks before that judgment had been entered. *See* JA 134–35 (ECF 93, showing postage date of April 2, 2020). Instead, the envelope filed under ECF 93 appears to have contained several other orders unrelated to this appeal. *See* JA-10 (describing, at ECF 86, two other orders mailed on April 2, 2020).

After the appeal was transferred to this Court, Defendants moved, on June 4, 2020, to dismiss the appeal for lack of jurisdiction. Dkt. 7. Ms. Shuler opposed, Dkt. 11-1, and this Court deferred ruling pending a review of the merits, Dkt. 13.[3]

In the District Court, Ms. Shuler moved, on June 16, 2020, to reopen the notice of appeal period under Fed. R. App. P. 4(a)(6). JA-148–61. In this motion, Ms. Shuler explained that she was unable to file the notice earlier due to a lack of financial resources, a suspended driver's license, various health and personal issues, and the COVID-19 pandemic. *See, e.g.,* JA-148–51. Defendants did not oppose.[4]

The District Court granted Ms. Shuler's unopposed motion on March 11, 2021, providing her an additional 14 days to refile her notice of appeal. JA-164–65. Ms. Shuler timely complied on March 22, JA-166, and the new notice of appeal was transmitted to this Court, JA-12 (describing ECF 113).

---

[3] This Court then ordered informal briefing on the merits, Dkt. 14, which the parties filed in August and September of 2020, Dkt. 15-1 and Dkt. 16.

[4] Ms. Shuler's motion appears to have been the subject of some confusion. It was originally entered on the correct docket—but, due to an error in the caption, it was quickly removed and entered on the docket of a related case instead. *See* JA-146–47.

Defendants *did* oppose Ms. Shuler's motion on this other docket, but only on the grounds that it had been filed in the wrong case. ECF 76, *Shuler v. N. Charleston Police Dep't*, No. 19-cv-1013 (4th Cir. June 30, 2020). The District Court then directed the motion to be entered on the correct docket, JA-162–63, where defendants did not oppose it.

5

On August 2, 2021, this Court appointed the undersigned as counsel for Ms. Shuler, Dkt. 21-1, and ordered briefing on the following issue:

> Whether appellant received notice of the entry of the judgment under Fed. R. Civ. P. 77(d) more than 21 days after entry such that the district court had the authority to reopen the appeal period under Fed. R. App. P. 4(a)(6).

Dkt. 22 at 2.[5]

## SUMMARY OF ARGUMENT

Rule 4(a)(6) provides that:

> The district court may reopen the time to file an appeal . . . if all of the following conditions are satisfied:
>
> (A) The court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

If all three conditions under Rule 4(a)(6)(A), (B), and (C) are satisfied, the district court "may," in its discretion, reopen the notice-of-appeal period. *See* 16A Charles

---

[5] In the order reopening the notice-of-appeal period, the District Court also granted Ms. Shuler's motion for relief from the June 16, 2020 judgment under Rule 60(b), providing her additional time to object to a prior report and recommendation from the Magistrate Judge. JA-165. Ms. Shuler moved to remand in order to submit these objections in the District Court, Dkt. 17, and this Court deferred ruling on that motion, Dkt. 22 at 2.

6

Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3950.6 (5th ed. 2021) ("It is discretionary with the district court whether to allow reopening . . . .").

In its briefing order, this Court asked whether reopening was barred under Rule 4(a)(6)(A), and the answer to that question is no. The only two events that could conceivably have provided notice under Rule 4(a)(6)(A) do not satisfy the requirements of that rule:

> (1) Ms. Shuler's independent discovery of the judgment on the internet occurred more than 21 days after the judgment was entered, and, in any event, did not constitute formal notice under Civil Rule 77(d); and

> (2) while the clerk's unsuccessful mailing to Ms. Shuler's old address effected *service* of the judgment under Civil Rule 77(d), that notice was never actually "*receive[d]*" by Ms. Shuler, as required under Rule 4(a)(6)(A).

Given the importance of ensuring this Court's jurisdiction, this brief also confirms that no other aspect Rule 4(a)(6) precluded reopening either. The two remaining requirements—Rule 4(a)(6)(B) and (C)—were plainly satisfied, and the District Court acted well within its discretion by allowing reopening.

## ARGUMENT

### I. Standard of review

"Federal Rule of Appellate Practice 4(a)(6) states that a district court 'may' grant a motion to reopen, therefore, the exercise of this permissive authority is reviewed for abuse of discretion." *Herman v. Lackey*, 309 F. App'x 778, 781 (4th

Cir. 2009) (citations omitted). A district court "abuses its discretion when it makes an error of law or clearly errs in its factual findings." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 317 (4th Cir. 2006).

## II. Ms. Shuler did not "receive notice" under Rule 4(a)(6)(A).

Rule 4(a)(6)(A) was satisfied here because Ms. Shuler "did not receive notice under [Civil Rule] 77(d) of the entry of the judgment . . . sought to be appealed within 21 days after entry." Only two events could have conceivably provided such notice, but neither actually did.

*First*, Ms. Shuler's discovery of the judgment on the internet on May 18, 2021 did not constitute receipt of notice for purposes of Rule 4(a)(6)(A). For one, this occurred more than 21 days after judgment was entered. JA-132–33 (judgment entered April 22, 2020). And in any event, Rule 4(a)(6)(A) requires "notice *under [Civil Rule] 77(d)*" (emphasis added), which does not include a litigant's own online research. As explained by the Advisory Committee, only "formal notice . . . under Civil Rule 77(d)" is disqualifying, and "[n]o other type of notice will preclude a party." Fed. R. App. P. 4 advisory committee's notes to 2005 amendments.

*Second*, the clerk's unsuccessful mailing of the judgment did not cause Ms. Shuler to "receive notice under [Civil Rule] 77(d)" either. Fed. R. App. P. 4(a)(6)(A). To be sure, this mailing effected *service* under Civil Rule 77(d)—

8

because Civil Rule 77(d) authorizes the clerk (or a party) to serve notice as provided in Civil Rule 5(b), which in turn allows service by mail to the party's last known address. *See* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing."). But despite this effective *service*, Ms. Shuler did not actually *receive* this notice because the mailing was returned as undeliverable.

As multiple courts of appeals have recognized, Rule 4(a)(6)(A) requires "actual receipt, not simply effective service." *In re WorldCom, Inc.*, 708 F.3d 327, 335 (2d Cir. 2013). *See also Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 380 (7th Cir. 2012) ("Other courts of appeals share our view that a document is not 'received' under Rule 4(a)(6) until it arrives at the litigant's address.") (collecting cases).

This is evident from its plain text: "Rule 4(a)(6) talks of 'receipt' of a document under Rule 77(d)," not "service." *WorldCom*, 708 F.3d at 333 & n.31 (quoting *Khor Chin Lim*, 683 F.3d at 380). So while Rule 77(d) describes rules for "service," it "does not tell us that service equals receipt." *Id.* (quoting *Khor Chin Lim*, 683 F.3d at 380). Effective service under Civil Rule 77(d) does not itself satisfy Rule 4(a)(6)(A). *Id.* at 335. *See also Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995) ("When a movant specifically denies notice of receipt, a district judge must . . . make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing.").

9

The text of Rule 4(a)(6)(A) is also confirmed by the Advisory Committee's Notes. As explained in *WorldCom*:

> The drafters of Rule 4(a)(6) were concerned with situations in which notice "either [is] not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal" and cited not only cases in which notice was not mailed at all, but also cases in which notice was mailed but never actually received by the party. Moreover, the committee clearly contemplated a distinction between service and receipt when it said that "[w]inning parties are encouraged to send their own notice in order to lessen the chance that a judge will accept a claim of non-receipt in the face of evidence that notices were sent by both the clerk and the winning party."

708 F.3d at 334 (alteration in original) (citations omitted).

Accordingly, the analysis here is simple: Ms. Shuler did not "receive notice" through the clerk's mailing because that mailing did not arrive at the proper address. JA-11 (describing ECF 94), JA-137–39 (ECF 94). In this way, the case mirrors *WorldCom*, where the court held that a party did not "actually receive Civil Rule 77(d) notice" of the judgment under Rule 4(a)(6) because it was sent to an "old email address." 708 F.3d at 335.

To be sure, the result might be different if the judgment had been delivered to Ms. Shuler's *proper* address, and she simply failed to open it. In *Khor Chin Lim*, for example, the Seventh Circuit held that a party "received" notice of a judgment under Civil Rule 77(d) when it was "delivered to the proper address," 683 F.3d at 381, even though the party did not open it for several months while out of the country, *id.* at 379. The court refused to hold "that a

litigant may defer 'receipt' of a document by failing to open the envelope containing it." *Id.* at 381.

But because the mailing here was sent to the *wrong* address, this case is distinguishable from *Khor Chin Lim* for the same reasons discussed in *WorldCom*. *WorldCom* acknowledged that if, as in *Khor Chin Lim*, the judgment "had been sent to [the party's] proper email address but [the party] simply failed to open his email, he would nevertheless be deemed to have received it." *WorldCom*, 708 F.3d at 335 n.43. But since the notice in *WorldCom* was "sent to an old email address," *Khor Chin Lim* did not apply. *Id.* So too here.

For these reasons, Ms. Shuler did not "receive notice under [Civil Rule] 77(d) of the entry of the judgment . . . within 21 days after entry," and Rule 4(a)(6)(A) was satisfied here.

### III. The remaining requirements of Rule 4(a)(6)(B) and (C) were also satisfied, and the District Court properly exercised its discretion.

For the sake of completeness, and given the importance of ensuring this Court's jurisdiction, Section II, *infra*, confirms that no other aspect of Rule 4(a)(6) precluded reopening. Section II.A confirms that the two remaining requirements of Rule 4(a)(6)—Rule 4(a)(6)(B) and (C)—were also satisfied, and Section II.B confirms that granting reopening was well within the District Court's discretion.

### A. The remaining requirements of Rule 4(a)(6)(B) and (C) were also satisfied.

In addition to the first requirement of Rule 4(a)(6), *see supra* Section I., the two remaining requirements of Rule 4(a)(6)(B) and (C) were also satisfied here.

*First,* Ms. Shuler satisfied Rule 4(a)(6)(B), which required her to move for reopening within the earlier of "180 days after the judgment" or "14 days after [receiving] notice under [Civil Rule] 77(d)." Ms. Shuler moved to reopen 55 days after the entry of judgment. *Compare* JA-132–33 (judgment entered April 22, 2020) *with* JA-148–61 (motion to reopen filed June 16, 2020). And because Ms. Shuler did not "receive[] notice under [Civil Rule] 77(d)," *see supra* Section I, the alternative 14-day window was never triggered.

*Second*, Rule 4(a)(6)(C) was also satisfied because Defendants were not prejudiced by the brief delay in Ms. Shuler's appeal. Defendants have identified no such prejudice, nor could they. Notably, the burden of opposing this appeal is not sufficient. Fed. R. App. P. 4 advisory committee's notes to 1991 amendment ("By 'prejudice,' the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal.").

### B. The District Court properly exercised its discretion.

In addition, the District Court did not abuse its discretion by reopening the notice-of-appeal period.

"The abuse of discretion standard is highly deferential, and a reviewing court should not reverse unless the ruling is 'manifestly erroneous.'" *United States v. Graham*, 711 F.3d 445, 453 (4th Cir. 2013) (citations omitted). *See also United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016) (holding that a reviewing court should not reverse unless the ruling is "arbitrary or irrational") (citations omitted). In other words, the reviewing court must have a "definite and firm conviction that the court below committed a clear error of judgment." *United States v. Cowley*, 814 F.3d 691, 698 (4th Cir. 2016).

As far as counsel is aware, the only court of appeals decision to ever find a reopening to be an abuse of discretion was *WorldCom*.[6] And this aspect of *WorldCom* was dubious: While *WorldCom's* ruling as to notice under Rule 4(a)(6) was unanimous (and persuasive, as explained in Section I), *WorldCom's* ruling on abuse of discretion drew a spirited dissent. 708 F.3d at 342–44 (Lynch, J., dissenting). This dissent explained, persuasively, that the district court's decision was not "arbitrary or irrational," and the facts were not "so lopsided" that only one result was permissible. *Id.*

---

[6] *See* 708 F.3d at 342 (Lynch, J., dissenting) ("Notably . . . I am not aware of any cases, and the majority cites none, in which a court of appeals has found that a grant of this relief, where the Rule's conditions were satisfied, was . . . an abuse [of discretion].").

13

In any event, *WorldCom* expressly limited its abuse-of-discretion holding to the "particular circumstances" at issue there, which it considered "egregious." 708 F.3d at 340 & n.67. There, the party failed to "receive notice" of the judgment only because its attorney had failed to update his email address for "two years" after leaving a prior firm. *Id.* at 341 n.75. Throughout this period, the attorney had "every reason to be aware of any problem," because "numerous filings" had been sent to this old address. *Id.* at 340 & n.66. On these facts, the majority found that the attorney had failed to exercise "exceedingly minimal diligence," and that his client's lack of notice was "entirely and indefensibly a problem of [his own] making." *Id.* at 340.

The circumstances here are readily distinguishable. To be sure, Ms. Shuler failed to promptly notify the clerk of her new address. But she was then *pro se*,[7] and her filings detail various financial, personal, and health issues that impaired her ability to timely file documents in this case. *See, e.g.,* JA-148–51. Certainly, Ms. Shuler did have "ample reason over two years to know that [filings] were not being sent to [her] current . . . address." *WorldCom*, 708 F.3d at 341 n.75. As soon as she discovered that her address was outdated, she immediately filed a change of address form and notice of appeal. *See* JA 140–45.

---

[7] As noted above, Ms. Shuler was formerly an attorney, but was no longer licensed when she filed this case. *See* Dkt. 11-1 at 8.

Accordingly, the District Court did not abuse its discretion by reopening the notice-of-appeal period.

## CONCLUSION

This Court should exercise jurisdiction over Ms. Shuler's appeal.

Dated: September 13, 2021

Respectfully submitted,

*/s/ David M. Parker*
David M. Parker
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
804-788-8200
*dparker@huntonAK.com*

*Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

1. This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains <u>3,522</u> words.

2. This document complies with the typeface requirements because:

    This document has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated: September 13, 2021  Respectfully Submitted,

<u>/s/ David M. Parker</u>
David M. Parker
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
804-788-8200
*dparker@huntonAK.com*

*Counsel for Appellant*